IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| DUNHILL RESOURCES, INC. | § | CASE NO. 03-41264-H2-7 |
| _____ | § | |
| | § | |
| JEFFREY A. COMPTON, TRUSTEE | § | |
| | § | |
| VS. | § | ADVERSARY NO. 05-3260 |
| | § | |
| C & G BOATS, INC. | § | |

**MEMORANDUM OPINION
GRANTING SUMMARY JUDGMENT IN PART UNDER FED. R. CIV. P. 56(d) AND
DETERMINING FACTS ON WHICH MATERIAL DISPUTE EXISTS (doc # 39)**

In this adversary proceeding, Jeffrey A. Compton ("Plaintiff"), Chapter 7 Trustee of the Estate of Dunhill Resources, Inc., seeks to avoid and to recover alleged preferential transfers made to C&G Boats, Inc. ("Defendant"). For reasons set forth below and by separate order issued this date, summary judgment is granted in part.

STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is warranted if a party establishes that there is no genuine issue about any material fact and the law entitles the party to judgment. Fed. R. Civ. P. 56(c). Rule 56(c) mandates "the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 106 S.Ct. 2548, 2552 (1986). Fed.R.Civ.P. 56(c) is incorporated into the Federal Rules of Bankruptcy Procedure by rule 7056.

All justifiable inferences will be drawn in the nonmovant's favor, *see Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2513 (1986), but conclusory affidavits will not suffice to create or negate a genuine issue of material fact, *see Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Shaffer v. Williams,* 794 F.2d 1030, 1033 (5th Cir. 1986). Unless there is sufficient evidence to return a verdict in the nonmovant's favor, there is no genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511. Admissibility of Evidence on a motion for summary judgment is subject to the standards and rules that govern evidence at trial. *See Rushing v. Kansas City Southern Railway Co.*, 185 F.3d. 496 (5th Cir. 1999), *cert. denied,* 120 S.Ct. 1171 (2000).

Rule 56 of the Federal Rules of Civil Procedure provides:

(c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

(d) ... If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted.  It shall thereupon make an order specifying the facts that appear without substantial controversy... and directing such further proceedings in the action as are just.  Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(e) ... When a motion for a summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as to otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56.

## LEGAL ANALYSIS

*Plaintiff's Motion for Summary Judgment seeking avoidance under 11 U.S.C. § 547*

Plaintiff's complaint alleges that payments totaling $75,262.50 were preferential payments and are avoidable under authority of 11 U.S.C. § 547.

In order to sustain a claim for avoidance under § 547, Plaintiff must prove all of the following essential elements:

A.  There was a transfer of an interest of the Debtor in property;

B.  The transfer was to or for the benefit of a creditor;

C.  The transfer was made for or on account of an antecedent debt owed by the Debtor before such a transfer was made;

D.   The transfer was made while the Debtor was insolvent;

E.  The transfer was made on or within 90 days before the date of the filing of the petition;

F.  The transfer enabled such creditor to receive more than such creditor would receive if (i)

the case was a case under chapter 7 of title 11 of the United States Bankruptcy Code, (ii) the transfer had not been made, and (iii) such creditor received payment of such debt to the extent provided by title 11 of the United States Bankruptcy Code.

In support of its motion seeking avoidance (doc # 39), Plaintiff submits evidence and affidavits that support each of the elements necessary to sustain a claim of avoidance:

1. The Affidavit of Jesse M. Daves states that Daves is an accountant engaged by the Trustee who has examined Debtor's books and records. The affidavit attaches copies of Debtor's checks payable to Defendant, apparently negotiated by Defendant, and apparently having been paid by Debtor's bank from Debtor's checking account. These documents, as supported by the affidavit, are evidence that Debtor made transfers to Defendant of an interest of the Debtor in property to or on account of an antecedent debt. (*See* doc # 39, Affidavit of Jesse M. Daves and exhibits to that affidavit). Defendant issued invoices to the Debtor for services provided pursuant to the parties' Master Service Agreement. (*See* doc # 40, Def.'s Mot. Summ. J. at 2.) Defendant received $25,262.50 by Check No. 1417 in payment of C & G's Invoice No. 947. *Id*., at 2-3. Defendant also received $50,000.00 by Check No. 14263 in payment of C & G's Invoice No. 9610. *Id*., at 3. Defendant provided the Master Service Agreement and the invoices as exhibits along with the Motion for Summary Judgment. Defendant's own submissions concede the Master Service Agreement and that Defendant was paid by the Debtor. Defendant has submitted no summary judgment evidence suggesting that there is an issue of material fact with respect to the checks, the invoice summary, the Master Service Agreement, the negotiation of the checks, the fact that the checks were paid by the Debtor's bank out of the Debtor's bank account, or the authenticity of the checks.

2. The affidavit of Jesse M. Daves attaches the Master Service Agreement under which the Debtor and Defendant contracted for Defendant to provide services to Debtor for compensation and copies of the accountant's schedules of invoices rendered by Defendant to Debtor. This establishes that Defendant is a creditor of Debtor.

3. The affidavit of Jesse M. Daves, the invoices from C & G, and the attached checks establish that the transfers were made for on account of an antecedent debt owed by the Debtor before such a transfer was made. (*See* doc # 39, Affidavit of Jesse M. Daves; doc # 40, Def.'s Opp'n Mot. Summ. J. Ex. 8 and 9).

4. The Bankruptcy Code establishes a statutory presumption that the Debtor was insolvent during the 90 days prior to the filing of its bankruptcy petition. *See* Bankruptcy Code § 547(f). Since Defendant has provided no indication of a material dispute of fact on this point, the statutory presumption would be sufficient. However, in addition to the statutory presumption the Affidavit of B. Frank Stanley supports the allegation that Debtor was insolvent. (*See* doc # 39, Affidavit of B. Frank Stanley).

5. The affidavit of Jesse M. Daves and the attached checks establish that the transfers were

       made on or within the 90 days before the filing of the involuntary petition against debtor. (*See* doc # 39, Affidavit of Jesse M. Daves; doc # 40 Def.'s Opp'n Mot. Summ. J. Ex. 8 and 9).

6.      The affidavit of B. Frank Stanley establishes that the transfers enabled Defendant to recover more than Defendant would receive if (i) the case was a case under Chapter 7 of title 11 of the United States Bankruptcy Code, (ii) the transfers had not been made, and (iii) Defendant received payment of such debt to the extent provided by the provisions of Title 11 of the United States Bankruptcy Code. (*See* doc # 39, Affidavit of B. Frank Stanley).

*Defendant's Contentions*

      Defendant's Opposition to Motion for Summary Judgment (doc #40) does not challenge the Plaintiff's claim that the transfers are avoidable under § 547. Instead, the Defendant's sole defense is that the transfers are not recoverable under § 550. Issues regarding § 550 will be discussed later in this opinion.

      The deadline for responding to Plaintiff's motion for summary judgment was June 20, 2006. (Doc # 33, Comprehensive Scheduling, Pretrial and Trial Order, ¶ 4). Defendant's Opposition to Motion for Summary Judgment (doc #40) contested no issue for summary judgment; Defendant merely contended that Plaintiff could not recover because it was not a transferee but was only a conduit. Defendant did not timely contest any of the Plaintiff's other summary judgment evidence. Defendant subsequently provided legal argument with respect to some of the Plaintiff's summary judgment evidence, but no summary judgment evidence of a material issue of fact. Plaintiff was able to file those arguments into the record prior to the Court's ruling only because the Court (out of courtesy) granted Defendant's motion for oral argument. The Court did not extend the time for responses and therefore Defendant's supplemental argument in docket # 45 is rejected. *Dempsey v. General Electric Co.* 2006 U.S. Dist. LEXIS 11971 at *23 n 19 (N.D. Ill, March 21, 2006), *citing Estate of Phillips v. City of Milwaukee*, 123 F.3d 586, 597 (7th Cir. 1997) (argument raised for first time in reply brief is waived). But even if it were not rejected, the arguments in the surreply are unavailing for reasons set forth below. But most important, the Court at oral argument examined the pleadings and the evidence before it (and especially the Defendant's memoranda in opposition to the motion for summary judgment) and interrogated counsel and determined that there is no genuine issue of material fact with respect to any contention except the Defendant's contention that it was a mere conduit, exempt from recovery under the "conduit" analysis of *Coutee v. Brunson infra*. Therefore in this order the Court limits trial to that issue in accord with Fed. R. Civ. P. 56(d), adopted in bankruptcy adversary proceedings by Fed. R. Bankr. P. 7056.

      Defendant asserts that even if the transfers are determined to be avoidable preferential transfers under § 547, the transfers are not recoverable from Defendant pursuant to § 550. Defendant asserts that it is not an "initial transferee" as intended by § 550 but is rather a conduit. The Defendant's status as "initial transferee" or "conduit" is a contested issue of material fact.

11 U.S.C. provides:

>   (a)   ...the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property from -
>   
>   (1)   the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
>   
>   (2)   any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 547.

"Initial transferee" is not explicitly defined by the Bankruptcy Code. In *Coutee v. Brunson*, 984 F.2d 138 (5th Cir. 1993) the Fifth Circuit adopted the "dominion or control" test to determine if a party was an initial transferee. In that case, a plaintiff's law firm guaranteed a loan to one of their clients. The clients received a check in satisfaction of the judgment and endorsed the award to the law firm. The law firm then deposited the award in its escrow account. The law firm deducted the amount of its legal fees and paid the remaining funds over to the bank in full satisfaction of the loan. Within 90 days of making that payment, the clients filed a chapter 7 bankruptcy petition. The trustee filed a complaint against the bank seeking to recover the alleged preferential transfer. The bank argued that the law firm, not it, was the initial transferee under § 550 because the award was given by the client debtors to the law firm. The Fifth Circuit held that the bank was the initial transferee. Even though the law firm received the funds initially, the law firm did not have dominion or control over the funds.

>   Adopting the dominion or control test, we find that the bank, not the firm, was the initial transferee of the funds ... The only control exercised over the funds was the control delegated to the law firm by the Coutees ... The law firm had no legal right to put the funds to its own use, and thus lacked the requisite dominion required to be the initial transferee. *Id* at 141.

The Court describes the particular relationship in *Coutee* as a fiduciary relationship, but did not require that the conduit have fiduciary duties.

In the instant case, Defendant contends that payments were made by the Debtor to Defendant and that the funds were then transferred to Gulf Marine Operators, minus a negotiated brokerage fee. Defendant asserts that it had no dominion or control over the funds because Defendant was contractually obligated by the Master Service Agreement to pay all debts and allow no liens. (*See* doc # 40, Exhibit 2, ¶ 6).

Plaintiff argues that Defendant did have complete dominion and control over the transferred funds, that the funds were not "ear-marked" or set aside for payment to Gulf Marine Operators, and Defendant's obligation to Gulf Marine Operators was wholly independent of its contract with the Debtor. (*See* doc #42). In addition, according to Plaintiff, Defendant paid Gulf Marine Operators out of its own funds prior to receipt of payments from the Debtor, and thus Plaintiff argues that Defendant had dominion and control over the transfers because the debt

to Gulf Marine Operators had already been paid. Thus, Plaintiff argues, Defendant did not pay Gulf Marine Operators out of proceeds from the subject transfers. Plaintiff attaches to its reply exhibits and invoices that suggest that the transfers to Gulf Marine Operators by Defendant were different and independent from the transfers between Debtor and Defendant. (*See* doc #42).

A genuine issue of fact exists as to whether C & G Boats is indeed an initial transferee or merely a conduit. The conduit issue is inappropriate for summary judgment under Rule 56. Accordingly, the Court will conduct trial on this issue.

The Court notes that in both of its memoranda, docket # 40 and docket # 45, the conduit theory is the only issue of fact that Defendant alleges. Although in docket # 45 Defendant argues about the admissability of affidavits, these arguments are not sufficient to overcome the motion for summary judgment. The affidavits are affidavits of experts and the documents on which they rely are independently admissible. But more important, after interrogation of counsel and examination of Defendant's memoranda, it is clear that there is no genuine dispute of fact about these issues. Fed. R. Civ. P. 56(d) states:

> If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy... and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

Defendant asserts, both in response (doc # 45) and at hearing, that the affidavits of Jesse M. Daves, B. Frank Stanley and Ivar Siem are not proper summary judgment evidence. Defendant states that the "affidavits are not declarations of witnesses with personal knowledge who are competent to testify to the matters stated therein." (Doc. 45, citing Fed. R. Evid. 602). The personal knowledge of the affiants is irrelevant in this case. The affiants are testifying in their capacity as experts. These affiants may therefore rely on information provided to them by Plaintiff in order to provide a professional opinion. Some of the facts relied upon are independently admissible (such as checks and bank account statements) as indicated below. With respect to the others, they are facts that are relied upon by an expert in forming his opinion (such as compilations of records and conclusions about recovery from a bankruptcy estate) and need not be admissible in evidence in order for the opinion or inference to be admissible so long as the evidence is of the type reasonably relied upon by experts in the particular field. Fed. R. Evid. 703.

Plaintiff in this adversary is considered to have personal knowledge of the finances of the Debtor because Debtor's records are property of the estate. The estate is created when a bankruptcy petition is filed and includes all legal and equitable interests of the debtor in property. 11 USC § 541. Among the property of the Debtor are financial records related to the operation

of the Debtor's business. These records are necessarily among the property of the Debtor that becomes part of the estate upon filing.

The Trustee has personal knowledge of the Debtor's financial records because, in stepping into the Debtor's shoes, Trustee is the custodian of those financial records along with the rest of the estate. The Trustee (Plaintiff) has custody and control of the underlying financial documents such as checks, books of account, *etc.* that were relied upon by the experts. Defendant has nowhere suggested that there is any material dispute with respect to these records.

Defendant argued for the first time at the hearing that the checks are not admissible evidence because the checks have not been authenticated. This argument was made 2 months after the deadline for responding to Plaintiff's motion for summary judgment and still did not suggest that Defendant had a scintilla of evidence that the checks were not authentic. The checks were payable to Defendant, so presumably Defendant has records that would have allowed it to respond timely to the motion for summary judgment. In addition, checks are a species of commercial paper and are therefore self-authenticating. *See* Fed. R. Evid. 902(9); *United States v. Hawkins*, 905 F.2d 1489, 1494 (11th Cir. 1990) (checks); *United States v. Little*, 567 F.2d 346, 349 n.1 (8th Cir. 1977) (same); *see also United States v. Carriger*, 592 F.2d 312, 316 (6th Cir. 1979) (promissory notes). Photocopies, such as the ones provided by the Plaintiff, are also allowed under Fed. R. Evid. 1001(4). The authenticity of the checks relied upon by the affidavits submitted by the Plaintiff are not in issue.

## CONCLUSION

Because there is no genuine dispute of fact as to any issue except whether Defendant is a conduit or a transferee, the Court grants summary judgment on all other issues of fact and reserves trial solely to the issue on which there is a material dispute of fact: Defendant's dominion or control over the funds it received. The Court expects the parties to revise the proposed form of pretrial order in accordance with this decision as announced on August 28 and as stated in this written order.

SIGNED  September 5, 2006

*Wesley W. Steen*

WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE